UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRO*ACT, LLC, *et al.*, | Case No.  4:10-cv-00338 |
| **Plaintiffs,** | |
| v. | |
| THIRD COAST PRODUCE COMPANY, LTD., *et al.*, | |
| **Defendants.** | |

## TEMPORARY RESTRAINING ORDER

Pending before this Court is Plaintiffs' Ex-Parte Motion for Temporary Restraining Order in accordance with FRCP 65(b).   Under this rule, a Temporary Restraining Order may be granted without notice to the adverse party only if:  (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of Bonnie Kilgore that Plaintiffs are produce dealers and trust creditors of Defendant, Third Coast Produce Company, Ltd., under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and have not been paid for produce in the total amount of $2,587,064.57 supplied to Third Coast Produce Company, Ltd. as required by PACA.

It is also clear from the same Declaration and the Certification of Counsel that

Case 4:10-cv-00338   Document 2-8   Filed in TXSD on 02/04/10   Page 2 of 4

Third Coast Produce Company, Ltd. is in severe financial jeopardy and that PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay Plaintiffs' claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiffs.

On the basis of the pleadings, declaration, and other submissions Plaintiffs have filed in this matter, it appears Plaintiffs will suffer immediate and irreparable injury due to Third Coast Produce Company, Ltd.'s dissipation of Plaintiffs' beneficial interest in the statutory trust created in accordance with 7 U.S.C. §499e(c) and that this dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

For these reasons, the Court finds that Plaintiffs and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless

this Order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of Texas **ORDERED:**

1.      Defendant Third Coast Produce Company, Ltd., its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with this Defendant, including George Finch, Javier Bueno, and George Finch, L.L.C., are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without Plaintiffs' agreement, or until further order of this Court.

2.      Under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Third Coast Produce Company, Ltd. unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided, however, Third Coast Produce Company, Ltd. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Third Coast Produce Company, Ltd. maintains the proceeds of such sale subject to this Order.

3.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4.      The $2,587,064.57 in PACA trust assets belonging to Plaintiffs and in the

possession of Defendants will serve as Plaintiffs' security for this injunction as required by FRCP 65(c).

5.    This Temporary Restraining Order is entered this **5th** day of February, 2010, at **11** : **53** ☑ a.m. ☐ p.m.

6.    A hearing on Plaintiffs' Motion for Preliminary Injunction is set for the **11th** day of February, 2010, at **9** : **30** ☑ a.m. ☐ p.m. *Courtroom 9C, 515 Rusk.*

7.    Plaintiffs have until February **8** *5:00pm*, 2010 to serve a copy of this Order by personal service, including by facsimile transmission or federal express. Such service is good and sufficient.

8.    Defendants have until February **10**, 2010 at **5** : **00** ☐ a.m. ☑ p.m. to file any and all responsive papers to Plaintiffs' Motion for Preliminary Injunction.

DONE and ORDERED, this **5th** day of February, 2010 at Houston, Texas.

_Miline Ha_
United States District Judge
Southern District of Texas